[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
# For the First Circuit

No. 01-1413

Colonial Mortgage Bankers Corporation,

Debtor.

---

The Bowery Savings Bank, Hans Lopez-Stubbe,

Plaintiffs, Appellees,

v.

Denisse de Mauret-Rúa,

Defendant, Appellant.

Colonial Mortgage Bankers Corporation;
Milton Juan Rúa-Cabrer,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Fusté*, District Judge.

---

*Of the District of Puerto Rico, sitting by designation.

Harry Anduze Montaño on brief for appellant.
David P. Freedman, Edgardo Rodriguez-Quilichini, and O'Neill & Borges on brief for appellee.

_____

October 24, 2001
_____

**Per Curiam.** On December 4, 2000, the district court entered judgment, jointly and severally, in the amount of $7,368,645.21 plus costs and interest against Denisse de Mauret-Rúa, her husband, Milton J. Rúa, and their conjugal partnership. On December 21, 2000, the defendant Mrs. Rúa moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to amend the judgment with respect to her own personal liability. An order was entered denying the motion for amendment on January 24, 2001, and she filed a notice of appeal on February 20, 2001. The appeal appears to be from both the denial of the motion to amend and the judgment. Fed. R. App. P. 4(a)(4)(A)(iv). Our review of a denial of a motion to amend judgment under Rule 59(e) is for abuse of discretion. Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994).

The essence of Mrs. Rua's claim is that whatever the liability of her husband and the conjugal partnership for the judgment, there was no basis for entry of judgment against her in a personal capacity. The district court denied the motion for amendment of judgment saying "objections to the bankruptcy judge's proposed findings of fact and conclusions of law may not be raised for the first time at this late stage of the proceedings." Not only did Mrs. Rúa fail to raise this objection in a timely fashion to the district court after the bankruptcy judge issued his proposed findings of fact and conclusions of law, but she also failed to raise this objection before the bankruptcy judge during the adversary proceeding. She did not even raise the issue in her answer. In fact, in the many years that this

-3-

case and related proceedings have been pending, Mrs. Rúa failed ever to raise the objection (that she could not be held personally liable) at any time before her motion to amend the judgment.

The district court order denying the motion for amendment of judgment was eminently correct.  Mrs. Rúa has waived this argument by not presenting it earlier.  <u>United States</u> v. <u>Slade</u>, 980 F.2d 27, 30 (1st Cir. 1992).  There was no abuse of discretion here.  The judgment stands because Mrs. Rua never presented this objection to the bankruptcy court or district court in a timely fashion.

Both the judgment and the denial of the motion to amend are affirmed.